IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZUFFA, LLC d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.  2:11cv156-WHA |
| PIYUSH A. PATEL etc., et al., | ) ) | (wo) |
| Defendants. | ) | |

**ORDER**

This case is before the court on a Motion for Summary Judgment filed by Plaintiff (Doc. #19) on October 3, 2011.

In its Motion, the Plaintiff seeks damages for violation of federal law.  In support of the motion, the Plaintiff provides an affidavit and other evidence, including admissions, to demonstrate that the Defendants exhibited a program owned by the Plaintiff on November 20, 2010, which the Defendants were not authorized to exhibit.

On October 3, 2011, this court entered an Order giving the Defendants until October 24, 2011 to respond to the Plaintiff's motion, and setting the Motion for Summary Judgment for submission on October 31, 2011.  Doc. #20.  The Defendants filed no response to this court's Order.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.  *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

The district court need not *sua sponte* review all of the evidentiary materials on file, but must ensure that the motion itself is supported by evidentiary materials, and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Plaintiff in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Plaintiff has met this burden by supporting its motion with an affidavit and other evidence.

Once the moving party has met its burden, Rule 56(c) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits," *id.* at 324, or depositions, documents, electronically stored information, declarations, stipulations, admissions, interrogatory answers, or other materials, support the assertion that a "fact cannot be or is genuinely disputed." Fed. R. Civ. Pro. 56(c). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," summary judgment may be granted, if the movant is entitled to it. Fed. R. Civ. Pro. 56(e) (1),(3).

By failing to provide any evidence in response to the Motion for Summary Judgment, the Defendants have failed to meet their burden. Further, the court has reviewed the evidentiary materials submitted by the Plaintiff and finds no genuine dispute as to any material fact raised by the Plaintiff as a ground for summary judgment.

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. #19 ) is GRANTED.

At the request of the Plaintiff, the Plaintiff is given until November 30, 2011 to submit whatever evidence and authority it may wish to submit to substantiate the amount of damages it claims.

Done this 21st day of November, 2011.

                                              /s/ W. Harold Albritton
                                              W. HAROLD ALBRITTON
                                              SENIOR UNITED STATES DISTRICT JUDGE